JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Steven Matwyuk,<br><br>    Plaintiff,<br><br>v.<br><br>Lee F. Jantzen, et al.,<br><br>    Defendants. | No.   CV-25-08048-PCT-JAT (DMF)<br><br>**ORDER** |

Plaintiff Philip Steven Matwyuk, who is confined in the Arizona State Prison Complex-Tucson, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing and administrative fees. Plaintiff has also filed a Motion for Service (Doc. 5). The Court will deny the Motion as moot and dismiss this action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**II.     Background**

Plaintiff was convicted of attempted second-degree murder, first-degree burglary, five counts of aggravated assault, disorderly conduct, and two counts of misdemeanor assault. *State v. Matwyuk*, 1 CA-CR 14-0202, 2015 WL 3400939, at *3 (Ariz. Ct. App. May 26, 2015). His convictions and sentences were affirmed upon appeal, his state post-conviction relief petition was denied, and his federal habeas corpus petition was denied.

*Id.*; *State v. Matwyuk*, 1 CA-CR 16-0833 PRPC, 2017 WL 5147238, at *1 (Ariz. Ct. App. Nov. 7, 2017); *Matwyuk v. Ryan*, CV-18-08299-PCT-JAT, 2020 WL 3026487, at *5 (D. Ariz. June 5, 2020).

**III.   Complaint**

In his Complaint, Plaintiff sues Mohave County Superior Court Judge Lee F. Jantzen; Arizona Court of Appeals Judges Anni Hill Foster, Brian Y. Furuya, and Randall M. Howe; and Arizona Supreme Court Justices Ann A. Scott Timmer, William G. Montgomery, Kathryn H. King, and Maria Elena Cruz. Plaintiff brings claims regarding Defendants' decisions in Plaintiff's state court cases. He seeks monetary relief.

Plaintiff alleges the following[1]:

On January 7, 2022, Plaintiff filed a civil complaint against Mark Brnovich, Brandon Delong, and James Schoppmann in Mohave County Superior Court, case #S-8015-CV-202200058. Delong was the lead investigator in Plaintiff's criminal case, Schoppmann was the prosecutor, and Brnovich was the Arizona Attorney General at the time. *See Matwyuk v. State*, No. 1 CA-CV-23-0797, 2024 WL 3201643, at *1 (Ariz. Ct. App. June 27, 2024).[2] On March 1, 2022, Plaintiff filed a document he captioned as "Proof of Service" affirming that he served each defendant by certified mail and further provided the Certified Mail Receipts.[3] *Id.*

On April 26, 2022, Defendant Jantzen conducted a hearing. No Defendants were present, and counsel for Defendants did not appear. Plaintiff informed Defendant Jantzen that he intended to file a Motion for Entry of Default against each Defendant. On May 3,

---

[1] Because Plaintiff has sued only immune Defendants, the Court need not recount his factual allegations in detail.

[2] The Arizona Court of Appeals' decision states that Plaintiff sued Brian DeLong; the Kingman Police Department; James Schoppmann; the "Mohave County District [sic] Attorney's Office," the State of Arizona, and Mark Brnovich (collectively, "State Defendants"). In the Complaint in this case, Plaintiff asserts that he only sued DeLong, Schoppmann, and Brnovich.

[3] *See* https://apps.azcourts.gov/publicaccess/caselookup.aspx (search by case number S-8015-CV-202200058 in Mohave County Superior Court) (last accessed Aug. 28, 2025).

2022, Plaintiff filed documents he captioned as "Entr[ies] of Default" against each Defendant.[4] *Id.* On May 4, 2022, counsel for the Mohave County Attorney's Office, Defendant Schoppmann, the Kingman Police Department, and Defendant Delong filed a Waiver of Service of Summons and Complaint. On May 5, 2022, Defendants filed a Notice of Removal and removed the case to this Court. *Matwyuk v. State of Arizona*, CV-22-08082-PCT-JAT (DMF).

On May 19, 2022, Plaintiff objected to the removal. (Doc. 4 in CV-22-08082.) On May 23, 2022, Plaintiff filed Motions for Default Judgment as to each Defendant in the state court.[5] On June 9, 2022, in the federal case, the Court dismissed Plaintiff's federal claims against the Kingman Police Department and the Mohave County Attorney's Office and remanded Plaintiff's state law claims to the Mohave County Superior Court. (Doc. 8 in CV-22-08082.)

On June 27, 2022, Defendants Schoppmann and Delong filed a Motion to Dismiss in the state court.[6] The next day, the State Defendants made their first appearance in the case and moved to dismiss. *Matwyuk*, 2024 WL 3201643, at *1. On November 3, 2023, Defendant Jantzen dismissed Plaintiff's claims against State Defendants as barred by statute and found no remaining pending matters. *Id.* City and County Defendants moved for clarification, and on November 16, 2023, Defendant Jantzen issued its final judgment dismissing "all claims against all defendants." *Id.*

Plaintiff appealed the trial court's decision, asserting that the court erred by not entering default judgment against the defendants and dismissing the case. *Id.* at *2-3. On June 27, 2024, Defendants Hill Foster, Furuya, and Howe affirmed the trial court's decision. *Id.* These Defendants concluded that Plaintiff never properly served the defendants, the trial court lacked personal jurisdiction over the defendants, and the court could not assert personal jurisdiction over them until they waived service. *Id.* These

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

Defendants further concluded that Plaintiff's claims were time-barred. *Id.* at *3. On July 8, 2024, Plaintiff filed an Objection to Memorandum Decision and Request for Reconsideration, which the Arizona Court of Appeals denied the next day.

On July 22, 2024, Plaintiff filed a Petition for Review in the Arizona Supreme Court. On February 27, 2025, Defendants Timmer, Montgomery, King, and Cruz denied the Petition for Review.

Plaintiff claims each Defendant violated his Fourteenth Amendment rights to life, liberty, or property and denied him equal protection of the law.

## IV. Failure to State a Claim

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff's claims against Defendants arise solely in connection with their decisions in Plaintiff's state court proceedings. Defendants are absolutely immune for such decisions. The Court will therefore dismiss the Complaint for failure to state a claim.

## V. Dismissal Without Leave to Amend

Although a pro se plaintiff is generally entitled to notice of the deficiencies of his claims and an opportunity to amend, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), leave to amend is not required where amendment would be futile. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.")

(quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)); *see also Lopez,* 203 F.3d at 1130 (leave to amend should be granted unless a pleading "could not possibly be cured by the allegation of other facts").

Here, the deficiencies in the Complaint "could not possibly be cured by the allegation of other facts" that are consistent with and do not contradict the Complaint. The Court finds leave to amend would be futile. The Court will therefore dismiss the Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Service (Doc. 5) is **denied as moot**.

(2) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 4th day of September, 2025.

James A. Teilborg
Senior United States District Judge