JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Steven Matwyuk, | No. CV-25-08048-PCT-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Lee F. Jantzen, et al., | |
| Defendants. | |

Pro se Plaintiff Philip Steven Matwyuk, who is confined in the Arizona State Prison Complex-Tucson, has filed an Application to Proceed In Forma Pauperis (Doc. 9) and a Motion for Reconsideration (Doc. 10) of the Court's September 4, 2025 Order dismissing this case. The Court will deny the Application to Proceed and the Motion for Reconsideration.

**I.  Procedural History**

On March 10, 2025, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and subsequently paid the filing and administrative fees. Plaintiff sued Mohave County Superior Court Judge Lee F. Jantzen; Arizona Court of Appeals Judges Anni Hill Foster, Brian Y. Furuya, and Randall M. Howe; and Arizona Supreme Court Justices Ann A. Scott Timmer, William G. Montgomery, Kathryn H. King, and Maria Elena Cruz. Plaintiff brought claims regarding Defendants' decisions in Plaintiff's state court cases. He sought monetary relief.

. . . .

In the September 4, 2025 Order, the Court dismissed the Complaint and this case because Plaintiff had only sued judicial officers who were absolutely immune from liability for damages under § 1983 for their decisions in Plaintiff's state court proceedings. The Court dismissed the Complaint without leave to amend, finding that leave to amend would be futile because the deficiencies in the Complaint "could not possibly be cured by the allegation of other facts" that were consistent with and did not contradict the Complaint. The Clerk of Court entered Judgment the same day.

On September 17, 2025, Plaintiff filed a Notice of Appeal, an Application to Proceed In Forma Pauperis, and his Motion for Reconsideration.

## II.   Plaintiff's Motion for Reconsideration

In his Motion, Plaintiff "objects" to the Court's September 4, 2025 Order and asks the Court to reconsider the Order after "[r]eading the follow[ing] Dispositive Facts and swearing under the penalty of perjury that the facts are Not True."[1] Plaintiff contends that if the "Dispositive Facts are not timely sworn under the penalty of perjury the facts become true, and are true." Plaintiff lists 48 "facts" that he apparently asks the undersigned to attest under the penalty of perjury are not true. He asserts that unless this Court "is able to provide proofs of the afore[]mentioned [a]ccepted upon proofs of claims, then Plaintiff requests [] reconsideration, correction of the record and appropriate relief."

## III.  Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought

---

[1] For example, Plaintiff states as a "Dispositive Fact" that "Plaintiff did ask for a [j]ury trial" in this case, and the undersigned "did find it upon himself to sua sponte fabricate[] a defense for the Defendants so he could make a ruling to dismiss" this case.

- 2 -

through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Rule 60(b), which sets forth the grounds for relief from judgment, "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263 (citation omitted). The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Although the moving party's factual allegations are to be accepted as true, mere legal conclusions, general denials, or simple assertions are insufficient to justify overturning the underlying judgment. *Id.*

"[A] party merits relief under Rule 60(b)(6) if he demonstrates 'extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Cmty. Dental Servs. v. Tani*, 282 3d 1164, 1168 (9th Cir. 2002). To show extraordinary circumstances, the party must "demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.*

**IV.  Discussion**

As an initial matter, Plaintiff's Notice of Appeal does not divest the Court of jurisdiction to consider Plaintiff's Motion to the extent it was filed pursuant to Rule 60 of

the Federal Rules of Civil Procedure. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

Plaintiff's Motion for Reconsideration is meritless. It is not this Court's responsibility to present Plaintiff's claims for him, nor is the Court obligated to refute Plaintiff's factual allegations. The Court was statutorily required to screen Plaintiff's Complaint because he is a prisoner, and he sued employees of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court was required to dismiss Plaintiff's claims because he sought monetary relief from Defendants who were immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). The Court dismissed this case because Plaintiff had named only Defendants who were entitled to absolute judicial immunity from damages under § 1983; the Court did not "fabricate" a defense for Defendants or otherwise improperly dismiss this case.

Plaintiff has not shown that he is entitled to relief under Rule 60(b). Plaintiff simply disagrees with the Court's dismissal of this case. The Court will therefore deny Plaintiff's Motion for Reconsideration.

**V.     Application to Proceed In Forma Pauperis**

Plaintiff is not automatically entitled to appeal in forma pauperis because he did not proceed in forma pauperis in this Court. *See* Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization"). An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

In the September 4, 2025 Order, the Court certified that an appeal of the Court's decision would not be taken in good faith because there was no factual or legal basis for an

appeal. Plaintiff therefore may not proceed in forma pauperis on appeal. The Court will deny Plaintiff's Application to Proceed In Forma Pauperis.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Reconsideration (Doc. 10) is **denied**.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9) is **denied**.

(3) This case must remain **closed**.

(4) The Clerk of Court **must immediately notify** the Ninth Circuit Court of Appeals of this denial. The Clerk of Court must indicate that this Order relates to Ninth Circuit Court of Appeals Case No. 25-5922.

Dated this 29th day of September, 2025.

James A. Teilborg
Senior United States District Judge